DISTRICT COURT OF THE UNITED STATES
FOR THE EASTERN DIVISION OF ARKANSAS
JONESBORO DIVISON

Case: 3:16-cv-00080 DPM/JTR

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 14 2016

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

Frederick Smith

VS.

Hon. MARY McGOWAN Palaski County 401 West Markham/Room 240 Little Rock, AR 72201

This case assigned to District Judge __MARSHALL__
and to Magistrate Judge __RAY__

VIOLATION OF 1965 VOTERS RIGHT ACT

COMES NOW; Fred Smith Citizen of the United States, National of the United States, Free White person, Natural Born Citizen,. Tail estate of the donors body, that has endured the regular order and course of inheritance being the absolute fee simple, beneficiary of the express "Trust" "Preamble" in the Constitution of the United States, posterity, known as We, the People, hereby complains of the actions of defendant MARY MCGOWAN in PERSONAL and official capacity, with claim upon her "blanket bond" ARKANSAS FIDELITY BOND TRUST FUND "*FBTF13*" insurance holding company.

## Jurisdiction

Jurisdiction herein is invoked inter alia, *1965 Voting Rights Act*; 28 USC 1331, 1333, 1251, 1253; Constitution of the United States Article 4, sec. 2 and Article 3, and 42 USC 1983, 1985.

## CAUSE OF ACTION

1 This is an action under *1965 VOTING RIGHTS ACT*; 42 USC 1983, 1985 for the deprivation the right to vote and denial of petitioner privileges and immunities afforded from Article 4, sec.2 Constitution of the United States Denied. Plaintiff also claims relief from within *Rules of the Election Commission* and State and Federal Law i.e. 42 USC 1973; Anderson v. United States 411 US 211(1974); 18 USC 241, 242; ARA 7-1-103; AR5-53-131; 52 USCA 10301.

2 Mary McGowan; is a resident of Pulaski county Arkansas and is being sued separately in her official and individual capacities.

3 Mary McGowan was responsible for supervising the training, instruction, discipline, and conduct of Palaski County Court Rules including, but not limited to training, instruction, discipline, control, and conduct concerning jurisdiction, Constitution of Arkansas provisions for denying Citizens right to vote for candidates whose names are put on or off the ballot.

4 Mary McGowan was responsible for instituting policy for the court, which includes, but not limited to, adhering to the established law where she has no authority to tell any candidates who are on the ballot or off. She is responsible for making a legal determination without law and authority to do so in violation of AR 7-7-201(b)(4) denied petitioner access to vote for himself on the ballot .

5 The established policy has created a custom to deny upon any person or Citizen who is exercising the free enjoyment of right to vote in Arkansas. Mary McGowan of ARKANSAS is responsible for the established climate and custom that allows poll workers to use deliberate unreasonable force in violating the *1965 Voting Rights Act* and denying petitioner access to vote for himself who was on the ballot; that his right to vote was denied, because petitioner is exercising his free enjoyment of the Constitution of the United States privilege, in connection with the Constitution of Arkansas.

6 MARY MCGOWAN is a political subdivision of the State of Arkansas.

7 Under 1965 Voting Rights Act; 42 USC 1973; Anderson v. United States 411 US 211(1974); 18 USC 241, 242; ARA 7-1-103; AR5-53-131; 52 USCA 10301, at all times pertinent, Mary McGowan was responsible for providing and maintaining advocacy of unlawful acts by groups or individuals against other persons or groups, in this case, Mary McGowan directly or indirectly allowed, authorized the provoking and inciting damage, creating VOTER RIGHTS DENIAL to petitioner, which action is not constitutionally protected, poses a threat to public order and Constitution of Arkansas, Constitution of the United States and 1965 Voter Rights Act inter alia, and should be subject to criminal sanctions. Also, the deliberate and willful intention of Mary McGowan to conduct behavior by violating the Right to Vote of petitioner under 1965 Voting rights Act.

8 Mary McGowan has final order making authority regarding the provisions of law on voting for candidates who are on the ballot, voting rights intimidation, knowing her authority to deny Citizens the right to vote in Arkansas that she cannot deny a Constitutional Voting or Right to Vote inter alia.

9Mary McGowan has allowed her personal biased & prejudice to deny petitioner the right to vote when she has no authority to stop him from being voted for nor can she stop him from voting for himself. As long as there is no "Felony' then she may not deny petitioner the right to

vote. Her actions have established certain customs that violate the Constitution of Arkansas and Constitution of the United States. By creating injury to the 1965 Voting Rights Act; 42 USC 1983, 1985; Article 4, sec. 2 Constitution of the United States inter alia. Mary McGowan has allowed a legal determination without the law to control the operations of the court *inter alia*, receiving monies to split amongst WILL BOND and BENTON SMITH and others for and in the name of DPA Corp. Serv.

10 At all times pertinent, Mary McGowan conspired, had a meeting of the minds, with Secretary of State; possessing the power to allow petitioner to vote for himself because he was on the ballot. Mary McGowan does not have authority pursuant to AR 7-7-201(b)(4) to deny petitioner the right to vote nor say I still am not allowing petitioner to vote is egregious and caused irreparable harm to the voting laws, 1965 Voting Rights Act. They carry this authority to make sure all of the orders, rules, instructions, policies and regulations promulgated are with the meaning of 1965 Voting rights Act inter alia. They failed to stop the action that caused this suit of complaint, because they knew before hand to not let "Fred Smith" vote thus verifying and perpetuating the violations listed and to be discussed or laid out.

## VENUE

11 Mary McGowan is being sued in her individual, personal capacity.

12 STATE OF ARKANSAS is being sued NOMINALLY in its capacity as a person. [MIKE BEBE] GOVERNOR is responsible for policy of all election commissions in the State of Arkansas as the CEO or manager, Governor who is directly or indirectly involved due to the fact the violations complained of are unreasonable where as Governor, setting adequate policy and training for judges creates a climate of a custom that has been established within the ARKANSAS and Corporation Service, that lacks training in denying Citizens rights to vote, allowing Citizens right to vote and lacks provisions in handling concerned Citizens who enter the polls to vote and are told by poll workers that you "Fred Smith" cannot vote for yourself even though his name is on the ballot violates all law on voting Rights Act of 1965 and shows a lack of supervising in Voting Rights of Citizens of Arkansas.

## CLAIM FOR RELIEF

13 Fred Smith hereinafter petitioner herein incorporates as reference as if fully set forth herein the allegations of sections 1-12.

14 STATE of ARKANSAS is a person within the meaning of 1965 Voting Rights Act.

15 Mary McGowan is not entitled to 11th amendment immunity because her ruling is local in nature. Mary McGowan is not entitled to sovereign immunity because of the purchase of insurance in bond and otherwise.

16 Article 4, section 2 Constitution of the United States provides citizens, includes petitioner with immunity and privilege, to be free to exercise his suffrage in accord with 1965 Voters Rights Act.

17 STATE OF ARKANSAS has delegated its voting operations to DEMOCRATIC PARTY of ARKANSAS who has delegated its statutory responsibility for, and final policy making authority regarding the provision of allowing persons to vote at the polls in Arkansas to MARK MARTIN.

18 STATE OF ARKANSAS has delegated its judicial process to MARY MCGOWAN of Palaski County to adhere to State law, Constitutional Law and Federal Law not make determinations on who can vote and who cannot vote.

19 The judicial making decisions of Mary McGowan with regard to the provision of voting privilege, operation of corporation services in receiving monies, poll facilities authorization of Citizens to vote for persons on the ballot who are within the jurisdictional bounds of STATE OF ARKANSAS are imputed to Mary McGowan.

20 The policy making decisions mentioned of Mary McGowan including those imputed to DEMOCRATIC PARTY of ARKANSAS and DEMOCRATIC PARTY of ARKANSAS CORPORATION SERVICES are imputed to DEMOCRATIC PARTY of ARKANSAS by STATE OF ARKANSAS [indirectly] by Mark Martin and Mary McGowan has no authority to make a ruling, issue an order for the DEMOCRATIC PARTY nor deny a Citizen the right to vote like she did to petitioner violating AR 7-7-201(b)(4). Her actions are imputed and serve to bind both, STATE OF ARKANSAS and Mary McGowan along with the STATE OF ARKANSAS directly or indirectly.

21 It is the official policy of Mary McGowan of ARKANSAS to deny PETITIONER the right to vote at the polls who is "registered" or "qualified" to cast a free ballot for the candidate of his choice of whose name is on the ballot is forced slavery, violation of the Constitution of Arkansas, and Constitution of the United States too.

22 In the alternative, the manner in which STATE OF ARKANSAS, Mary McGowan of ARKANSAS, directors, poll workers, State officials are trained, including the design and implementation of training programs and the follow-up supervision of trainees, is a matter of policy.

23 These actions committed have become widespread to recognize the quality of custom or usage. The official duty of final policy makers of STATE OF ARKANSAS and Mary McGowan inter alia, to be informed of custom or usage and, such policy makers had manifest opportunities to inform petitioner but did not.

24 The actual or constructive knowledge of the existence of this custom or usage intentionally or with deliberate indifference, failed to correct or stop the practices and thus condoned it. This condonement may fairly be attributed in part to STATE OF ARKANSAS and Mary McGowan of ARKANSAS, a LOCAL GOVERNMENT OFFICIAL.

25 The actions committed deprived petitioner of his Constitutional Privileges and Immunities to adequate allowance of Constitutional Right to vote is furtherance of an official policy, custom or usage of STATE OF ARKANSAS, and Mary McGowan and such official policy, custom, or usage was direct and proximate cause of such deprivation.

26 GOVERNOR is not entitled to qualified, sovereign immunity because of the purchase of "Bond Insurance".

27 Such conduct poses a pervasive and unreasonable risk of Constitutional violations and injury- such are the violations here; to petitioner. Mary McGowan had actual constructive knowledge given to her from state officers, who knew or should have known, having a meeting of the minds Will Bond, Mark Martin, Mike Bebe all decided to engage in conduct that posed pervasive and unreasonable risk of Constitutional violations and injury to petitioner.

28 The deliberate indifference to, or tacit authorization of, such unconstitutional conduct shows the response of actual or constructive knowledge of this pervasive and unreasonable risk of Constitutional violation and injury to petitioner.

29 A reasonable person in their positions of defendant would have known that her actions violated petitioner's Article 4, section 2 Constitutional Privileges and immunities along with certain state statutory provisions.

30 GOVERNOR is liable under the law of Arkansas for such actions of Mary McGowan individual violations based on the doctrine of respondent superior.

31 Treble damages are entitled to be given to petitioner for such wrong or injury pursuant to Arkansas Law.

32 Petitioner is entitled to recover damages against STATE OF ARKANSAS, Mary McGowan bonds' pursuant to Arkansas law.

33 Defendants' conduct was willful or wanton in that it constituted the conscious and intentional disregard of, and indifference to, the privileges and immunities, VOTING rights, of petitioner, which said defendant knew, or should have known, was reasonably likely to result in injury, damage, or other harm.

### FACTS
### CONSPIRACY
### Claim of RICO, and Sherman Act Violations

34    Petitioner hereby incorporates the factual allegations of all previous paragraphs as though those allegations were fully set forth herein.

35    This pattern of Racketeering and Corrupt influence by Defendants is wide spread throughout Arkansas. This complaint also alleges violations under the Organized crime Control Act of 1970, Pub. L. No. 91-452, section 901(a), 84 Stat. 941, Racketeering Influenced and Corrupt Organizations (RICO), Sherman Anti-Trust Act, that Petitioner complains – where Mary McGowan by and thru the enterprise DEMOCRATIC PARTY of ARKANSAS CORPORATION SERVICES-BENTON SMITH; and by an thru the principal enforcer Secretary of State.

36    With participant, Mark Martin, by and thru orders from the affairs of the enterprise "STATE OF ARKANSAS" incorporating Mary McGowan with Director of Corporation Services Benton Smith, influenced acts, and displays of conduct from this pattern of influence and has violated Article 4, Sec. 2 Constitution of the United States, 18 USC 1962(c), (a),(b), and is brought against "Mary McGowan", in connection to victim of a monopoly scheme devised, conducted, and/or participated in by Defendant, where she is an employee of the STATE OF ARKANSAS by or associated with STATE OF ARKANSAS.

37    Mary McGowan, receives income derived from the enterprise, where *It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.* By conduct and participants, Will Bond, Benton Smith, in the affairs of the enterprise where *It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.*

38     Mary McGowan conduct or participation, directly or indirectly, in the conduct of the affairs of the DEMOCRATIC PARTY of ARKANSAS, through a pattern of racketeering activity, creating, establishing, to monopolize the person, where defendants association, participation with the enterprise affairs, who conspired to do so, and to wrongfully and unlawfully divert the right to vote of petitioner thru false claims where petitioner was violated by being denied the right to exercise his "Constitutional Right To Vote" was told you cannot vote for yourself-Fred Smith, without cause, or reason for denial.

39     Conspiracy past down to voting poles to systematically in a scheme to defraud petitioner by taken away his right to vote that's guaranteed by Article 4, sec. 2; the 14th amendment of the Constitution of the United States without cause is egregious, absurd, willful, deliberate indifference to the privileges and immunities guaranteed by Article 4 sec. 2 Constitution of the United States violating 1965 Voters Rights Act.

40     Where petitioner has been injured in denial of right to vote. Is Forced slavery, to not be able to accept a vote, for Fred Smith from biased & prejudice order sent under color of law conducted by willful participant Mary McGowan who is a Judge in Palaski County who participated in the affairs of the enterprise- DEMOCRATIC PARTY of ARKANSAS, where if she would devote a significant amount of energy to conspire with others – Benton Smith too, she would be guaranteed income derived from his participation in the scheme to deny, take away Petitioners Constitutional privilege to Vote and seek public office shocks the conscious. To the detriment of Representative Fred Smith, violating, Sherman Anti-Trust Act, RICO and Constitution of the United States, and **1965 Voting Rights Act** inter alia.

## FACTS SPECIFIC
1965 Voting Rights Act

41     *No voting qualification or prerequisite to voting, or standard, practice, or procedure shall be imposed or applied by any State or political subdivision to deny or abridge the right of any Citizen of the United States to vote on account of race or color* herein, petitioner claims "Discrimination" upon him being a "African American" in Arkansas who was denied the right to vote.

42 Also, these discriminating actions caused direct immediate damage to petitioner not being allowed to vote for the candidate of his choice was a act of forced slavery in violation of the *14th Amendment* of the Constitution of the United States and violated *1965 Voting Rights Act* by defendants to deny the petitioner the privilege to choose a candidate of choice. Defendant violated 42 U.S.C.A. § 1983 too, failing to provide due process to petitioner in making public false orders for a Citizen of the 50th District who entered the polls to vote for Fred Smith in exercising freedom of right to vote but was defrauded by Mary McGowan with defamatory instructional information for defendants' own professional gain by orders and instructions from

Mark Martin to keep that nigger out of the 50th district seat even though that district is predominately "African American" because DEMOCRATIC PARTY of ARKANSAS wants a "White Person" in that seat.

## SECOND CAUSE OF ACTION

Title 42 U.S.C. 1973 et. seq, &
Violation of the 1965 Voting Rights Act,

43    Plaintiff re-alleges all allegations contained in above Paragraphs, that the Defendants on or about March 13, 2012 through April 13, 2014 committed said acts of the Complaint are incorporated herein as set forth in full and that the Defendants actions violate the Constitution of the United States as well as for the Constitution of the Republic of Arkansas; **Ark. Code Ann. §§ 16-56-105 (5),(6)***et seq.*, for, Discrimination and damages to Right to Vote in violation of the *1965 Voting Rights Act* denying his right to vote because his name was on the ballot as a Democrat. The Defendants: DEMOCRATIC PARTY of ARKANSAS & DEMOCRATIC PARTY OF ARKANSAS CORPORATION SERVICES is organized as a corporation operating within the State of Arkansas. That these defamatory instructions given by the DPA Chairman, Will Bond caused direct immediate damage to Mr. Smith's opportunity to Vote and run for the seat which their actions damaged the free exercise of right to vote, of petitioner which caused a great deal of stress and anxiety to him being denied like a slave during Jim crow era and Klu Klux Klan period in open hangings, beatings of African Americans who went to vote and were abused by them and others.

## DAMAGES SOUGHT

WHEREFORE Petitioner, demands judgment against the defendants, jointly and severally, as follows:

   a.) as compensatory damages, the sum of $300,000.00 Three Hundred Thousand Dollars;

   b.) as punitive damages to the petitioner's free exercise of right to vote, in the sum of $300,000.00 Three Hundred Thousand Dollars for the Defendants willful, arbitrary and negligent actions in treble damages;

   c.) Exemplary and emotional damages be imposed for the Petitioner's emotional distress in restitution for his economic losses in the sum of $300,000.00 Three Hundred Thousand Dollars in that the loss personal representation and undue stress upon our family life;

d.) Attorneys' fees imposed in prosecuting this action pursuant to the Defendants actions;

e.) And that other such further relief as to the Court deems proper.

Former Representative

Fred Smith

## JURAT

STATE ARKANSAS

COUNTY _crittenren_

BEFORE me affirmed this day of 11, of _____March_____ 2016 appeared

_____, proving to be the petitioner in this matter

and has subscribed her signature this day.


_____Bernice Marshall_____
NOTARY


My commission expires: 7/25/2018



OFFICIAL SEAL - NO. 12367146
BERNICE MARSHALL
NOTARY SEAL - ARKANSAS
CRITTENDEN COUNTY
MY COMMISSION EXPIRES: 07-25-18

**ARKANSAS DEMOCRATIC PARTY**

2012 District, State, or Federal Candidate

Receipt of Filing Fee

THE DEMOCRATIC PARTY OF ARKANSAS CERTIFIES THAT _Frederick Smith_ HAS COMPLETED ALL NECESSARY REQUIREMENTS TO FILE AS A CANDIDATE FOR THE OFFICE OF _State Representatives_ IN THE DEMOCRATIC PREFERENTIAL PRIMARY ELECTION TO BE HELD ON TUESDAY, MAY 22, 2012.

*[Handwritten annotation across document:]* Judge, Denied my petition, an voter Rights, Due Process of equal Protection, Violated 1965 Voting Rights Act...

THIS CERTIFIES THAT THE CANDIDATE HAS SIGNED A DEMOCRATIC PARTY POLITICAL PRACTICES PLEDGE AND HAS PAID ALL REQUIRED FILING FEES.

WITNESS MY HAND THIS ___1___ DAY OF __March__, 2012.

_[signature]_

Chairman, Democratic Party of Arkansas

White Copy: Secretary of State     Yellow Copy: Candidate     Pink Copy: Democratic Party of Arkansas

12



## 2012 Political Practices Pledge

I, __Frederick Smith__, a candidate for the office of __State Representatives__, do hereby state that I am familiar with the requirements of A.C.A. §§ 7-1-103, 7-1-104, 7-3-108, 7-6-101, 7-6-102, 7-6-103, and 7-6-104, known as the Political Practices Provision of the Arkansas Election Code, and that I will in good faith comply with the provisions of the same.

I hereby certify that I have paid all filing fees or have otherwise qualified by an alternate method as provided by the Party and have filed a Candidate Eligibility Application as required by the Democratic Party of Arkansas.

ALL CANDIDATES MUST COMPLETE THE FOLLOWING SECTION:

I hereby certify that I have never been convicted of a felony in the State of Arkansas, or in any other jurisdiction outside of Arkansas.*

Name: __FredeRick Smith__
(Print name exactly as it will appear on the Ballot.)

Address: __P.O Box 233__

City: __Crawfordsville Ark.__

Signed this __MARCH__ day of __1__, 2012

_____
(Signature)**

**MUST BE SIGNED BY ALL CANDIDATES WHOSE NAME WILL APPEAR ON THE BALLOT**

Name as recorded on your voter Registration Records (if different):

* A prospective candidate for state, district, county, municipal or township office who has had a felony conviction expunged in accordance with Ark. Code Ann. Section 16-93-301-303 or similar expunction statute in another state may certify that he or she has never been convicted of a felony, provided the candidate presents a certificate of expunction from the court that convicted the prospective candidate. See Ark. Code Ann. Section 7-6-102(d)

White Copy: Secretary of State   Yellow Copy: Candidate   Pink Copy: Democratic Party of Arkansas

-11

*'Judge Order'*

This Court agrees with counsel for Fred Smith in that it now appears that Mr. ~~Smith's case has been dismissed and he does not have a felony conviction on his record.~~ However, regardless of this Court's opinion on the legality of the Dismissal Order entered on March 14, 2012, at the time of filing, there was no expunction of the finding of guilt by the Court and therefore, Mr. Smith was ineligible at the time of filing on March 1, 2012.

The Court GRANTS the writ of mandamus and declaratory judgment. As the Secretary of State has informed this Court that the ballots have already been printed and it is too late to remove Fred Smith's name from the ballot, this Court ORDERS that the ~~votes for Fred Smith will not be counted or certified in the May 22, 2012~~ Democratic party preferential primary as he is ineligible to be a candidate for elective office. *See Jacobs v. Yates*, 342 Ark. 243, 27 S.W.3d 734 (2000).

IT IS SO ORDERED. Dated this 9th day of April, 2012.

*NEVER BEEN Convicted!*

*Violated Oath of Office*

_____
CIRCUIT JUDGE

April 9, 2012
_____
DATE

Judge McGowan
Date 4/9/12 Div 9th

Jury Trial ☐
Bench Trial ☒
Non-Trial ☐

6

# State of Arkansas

## Duplicate Official Oath of Office

Every officer administering this Oath of Office is required by law to endorse this duplicate thereof, which must be returned to the Secretary of State, State Capitol, Room 026, Little Rock, Arkansas, 72201, **WITHIN FIFTEEN (15) DAYS** after the Commission is dated.

I, Judge Mary Spencer McGowan, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of Circuit Judge, District 06, Division 05, At Large, upon which I am about to enter.

*Judge violated her OATH of Office...*

_____
(signature)

FILED
JAN 07 2009
CHARLIE DANIELS
SECRETARY OF STATE
BY_____

300 Pulaski Co. Courthouse, 401 W. Markham
(street address)
Little Rock, Arkansas 72201
(city, state, zip code)
501-340-5602
(telephone number)

Sworn to and subscribed before me, __Mackie Pierce__
(name of person administering oath)

A __Circuit Judge__ in and for the __6th Judicial District__
(position of administering officer)    (state, county, or judicial district)

this __1st__ day of __January__, 200__9__.

__Mackie Pierce__
(signature of Administering Officer)

This Oath may be administered through the provisions of ACA 21-2-105 depending on the office to which you were elected but
**NOT BY A NOTARY PUBLIC!**\*\*

# STATE OF ARKANSAS

To All to Whom These Presents Shall Come-Greeting:

Know Ye, That Whereas, It appears that

## Fred Smith

was duly elected State Representative District 50 in and for the State of Arkansas, at an election held on the sixth day of November, Two Thousand Twelve.

Therefore, I, Mike Beebe, Governor of the State of Arkansas, in the name and by the authority of the people of the State of Arkansas, vested in me by the Constitution and the laws of said State do hereby commission the aforenamed to the office of

State Representative District 50

in and for the State of Arkansas for and during the term prescribed by the laws of the State.

Fred Smith is, therefore, hereby authorized to do and perform all and singular the duties incumbent upon the office of

State Representative District 50

in and for the State of Arkansas, according to law and the trust reposed in said office.

In Testimony Whereof, I have hereunto set my hand and caused the Great Seal of the State of Arkansas to be affixed at Little Rock, this fourteenth day of January, in the year of Our Lord Two Thousand Thirteen.

Mike Beebe, Governor

Mark Martin, Secretary of State

*[Handwritten annotations across certificate:]* How can a man's service as a state Rep. after being convicted by the Democratic Party be convicted of the Judge, his vote left off the ballot, denied of equal protection and Due Process rights taken from him and still became a State Representative of Arkansas the same year!

John 3:16
Psalm 23
(19)
Standing on God, cover in the blood of Jesus Christ